UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
JOSEPHER MERCANO and GRETCHEN MIRANDA
(Individually and on behalf of) DERECK VASQUEZ,
JAELIZ FUENTES, and CHRIS SIERRA

                                            COMPLAINT

              Plaintiff,

                                       Jury Trial Demanded

-against-                **15 CV 3544**

                                                        JUDGE SCHOFIELD

THE CITY OF NEW YORK, THE NEWYORK POLICE DEPARTMENT,
and John Does 1 through 5, Individually and in their official
capacities as Police Officers of the 101st PRECINCT (the name John
Doe being fictitious, as the true names are presently
Unknown),

                                                        RECEIVED
                                                        MAY 06 2015

Defendants.                                             U.S.D.C. S.D.N.Y.
-----------------------------------------------------

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article 1 of the New York Constitution, and New York common law.

3. Jurisdiction of this Court is predicated upon 28 U.S.C. § 1331, 1343 and 1367(a).

4. Venue is roper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. §1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES:

7. That the Plaintiffs, JOSEPHER MERCANO and GRETCHEN MIRANDA (Individually and on behalf of) DERECK VASQUEZ, JAELIZ FUENTES, and CHRIS SIERRA (Hereinafter "Plaintiffs"), are residents of the county of Queens located in the city and State of New York.

8. Upon information and belief, that at all times, hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times, hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, and all the police officers thereof.

10. Upon information and belief, at all times hereinafter mentioned Defendants were employed by Defendant, THE CITY OF NEW YORK, as police officers.

11. At all times relevant, defendants JOHN DOES 1 through 5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants JOHN DOES 1 through 5. Defendants JOHN DOES 1 through 5 are sued in their individual and official capacities.

12. Defendants JOHN DOES 1 through 5 were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. They are liable for directly

participating in unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.

## STATEMENT OF FACTS

13. In the morning of May 10, 2013, the Plaintiff, Gretchen Miranda, called the Police to her residence, at 133 Beach 56th Place, because her son had been threatened by a local youth in front of their building.

14. The defendants arrived and arrested Joseph Mercano and Derek Vasquez even though neither had committed any crime. Derek Vasquez, a minor, was transported to St. Johns Episcopal Hospital, located at 327 Beach 19th Street, Far Rockaway N.Y. and forcefully admitted into the psychiatric ward against his parents will and under protest.

15. Josepher Mercano was handcuffed and taken from his apartment to be detained and assaulted in the basement of the premises for several minutes by multiple officers before being taken to the 101st Precinct and charged with resisting arrest.

16. After being detained in police custody at the precinct and central booking for several hours, the charges were ultimately dismissed.

17. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to her reputation and loss of income.

## FIRST CLAIM
### False Arrest

18. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

19. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

20. Plaintiff was aware of her confinement and did consent to it.

21. The confinement was not otherwise privileged.

22. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SECOND CLAIM
### Malicious Prosecution

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants, acting under color of state law, are liable to plaintiff under 42 U.S.C. 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the Constitution.

25. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution.

26. The prosecution was resolved in the plaintiff's favor.

27. As a direct and proximate result of this unlawful conduct, Plaintiff sustained and will continue to suffer the damages alleged, including physical, mental and emotional injury, pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## THIRD CLAIM

**State Law Malicious Prosecution**

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

30. Defendants maliciously commenced criminal proceeding against plaintiff, charging her with various crimes. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

31. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

32. All charges were dismissed in plaintiff's favor.

33. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants is responsible for their wrongdoing under the doctrine of *respondeat superior*.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FOURTH CLAIM
**Unreasonable Force**

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Plaintiff.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FIFTH CLAIM
### Failure to Intervene

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct. Defendants had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40. The defendants violated the Fourth and Fourteenth Amendments because they failed to intervene.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SIXTH CLAIM
### 1983 "MONELL" Claim

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The city, through policies, practices and customs directly caused the constitutional violations suffered by Plaintiff.

44. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

45. The City, through its police department, has a de facto quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

46. The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

47. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

48. These policies, practices, and customs were the moving force causing Plaintiff's damages.

## SEVENTH CLAIM
### Intentional and negligent infliction of Emotional Distress

49. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation with the same force and effect as if set forth herein.

50. That the Defendants' intentional, reckless and outrageous conduct, and physical abuse of the Plaintiffs in the presence of family members, including young children, inflicted severe emotional distress to the Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

 a. Compensatory damages in an amount to be determined by a jury;
 b. Punitive damages in an amount to be determined by a jury;
 c. Costs, interest and attorney's fees pursuant to 28 U.S.C. §1988 ;
 d. Such other and further relief as the Court may deem just and proper.

Dated: April 9, 2015

New York, New York

                                                                                          _____  
                                                                                          Nytaino Romulus, Esq.  
                                                                                          Attorney for the Plaintiffs  
                                                                                          100 Church Street, 8th Floor  
                                                                                          New York, NY 10007  
                                                                                          Tel: (646) 524-3975

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                                       ) ss.:
COUNTY OF NEW YORK  )

NYTAINO ROMULUS, an attorney duly licensed to practice in the State of New York affirms under the penalties of perjury that this document is verified by the undersigned because the Plaintiff lives outside of New York County where Counsel's office is located; to wit: in Queens County.

Dated: New York, New York
          April 9, 2015

_____
Nytaino Romulus

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPHER MERCANO and GRETCHEN MIRANDA
(Individually and on behalf of) DERECK VASQUEZ, JAELIZ FUENTES,
And CHRIS SIERRA

Plaintiff,

Index No:

SUMMONS

-against-

THE CITY OF NEW YORK, THE NEWYORK POLICE DEPARTMENT,
and John Does 1 through 5, Individually and in their official
capacities as Police Officers of the 101st PRECINCT (the name John
Doe being fictitious, as the true names are presently
Unknown),

Counselor(s): Please Take notice:

NYTAINO ROMULUS, ESQ.
Attorney for Plaintiff
100 Church Street, 8th Fl
New York, NY 10007
(646) 524-3975

Service of a copy of the within SUMMONS AND COMPLAINT is hereby admitted.

_____
Attorney(s) for THE PLAINTIFF

**NOTICE OF ENTRY**
that the within is a (certified) true copy of a
duly entered order in the office of the clerk of the within named court on

**NOTICE OF SETTLEMENT**
that an order for of which the within is a true copy will be presented for settlement to the
HON. one of the justices of the within named Court at
the within is a (certified) true copy of a
duly entered