USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
JOSEPH MERCANO, et al.,                                     :
                                    Plaintiffs,             :
                                                            :                15 Civ. 3544 (LGS)
                      -against-                             :
                                                            :                OPINION AND ORDER
THE CITY OF NEW YORK, et al.,                               :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Plaintiffs Josepher Mercano and Gretchen Miranda "individually, and on behalf of Derek Vasquez, Jaeliz Fuentes and Chris Sierra" (collectively, "Plaintiffs"), filed this action against the City of New York and five Doe Defendant police officers (the "Doe Defendants") under federal and New York law.[1] The Complaint asserts claims for malicious prosecution and intentional and negligent infliction of emotional distress under New York law, and false arrest, malicious prosecution, unreasonable force, failure to intervene and municipal liability under federal law. Defendant City of New York (the "City") moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The City's motion is granted for the reasons discussed below.

**I.    BACKGROUND**

       The summary below is taken from the allegations in the Complaint and a document of which the Court is entitled to take judicial notice. They are construed in the Plaintiff's favor, as the non-moving party. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016).

       On May 10, 2013, Plaintiff Miranda called the police to her home because her son had been threatened in front of their building. Unnamed police officers, Doe Defendants, arrived and

---

[1] The New York City Police Department is no longer a party to this action.

arrested Plaintiffs Mercano and Vasquez "even though neither had committed any crime." Mercano was handcuffed, detained and assaulted by Doe Defendants, and later charged with resisting arrest. The charges against Mercano were dismissed on November 8, 2013, according to the Certificate of Disposition filed in Mercano's criminal proceedings. Vasquez, a minor, was taken to a hospital psychiatric ward against his parents' will.

## II. LEGAL STANDARD

The standard for adjudicating a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim applies to a Rule 12(c) motion for judgment on the pleadings. *Mantena v. Johnson*, 809 F.3d 721, 727–28 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Ordinarily, "the only facts to be considered are those alleged in the complaint, and the court must accept them, drawing all reasonable inferences in the plaintiff's favor, in deciding whether the complaint alleges sufficient facts to survive." *Doe*, 831 F.3d at 46. In this case, the Certificate of Disposition filed in Mercano's criminal proceedings is also considered for the critical date of when the charges against him were dismissed. *See* Exhibit A to the Declaration of Kavin Thadani in support of Defendant's motion. The Court is entitled to take judicial notice of the Certificate of Disposition and consider it on this motion. *See* Fed. R. Evid. 201(b) (a court may judicially notice a fact "that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *United States v. Alexander*, 123 F. App'x 444, 445 (2d Cir. 2005) (taking judicial

2

notice of a certificate of disposition); *Forbes v. City of New York*, No. 15 Civ. 3458, 2016 WL 6269602, at *4 (S.D.N.Y. Oct. 26, 2016) (same and collecting cases).

## III. DISCUSSION

### A. Miscellaneous Deficiencies

The Complaint suffers from a number of deficiencies. First, Fuentes, Sierra and Vasquez are not proper parties. With regard to Fuentes and Sierra, the Complaint fails to identify who they are and what, if anything, they have to do with the allegations and claims in the Complaint. Other than identifying Fuentes and Sierra as Plaintiffs, neither Fuentes nor Sierra are even mentioned in the Complaint. Further, Mercano and Miranda purport to sue on behalf of Fuentes, Sierra and Vasquez; but a layperson may not represent another individual, except where provided by statute. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) (noting that "an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause" (internal quotation marks omitted)); *Boone v. Codispoti & Assoc. P.C.*, No. 15 Civ. 1391, 2015 WL 5853843, at *1 n.1 (S.D.N.Y. Oct. 7, 2015). Therefore, their claims are dismissed.

Second, as all of Miranda's claims arise out of alleged injuries to her son, not to her, Miranda lacks standing to sue under Article III. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (reaffirming that Article III requires the plaintiff to have suffered an injury in fact that is "concrete and particularized"). Accordingly, all of Miranda's claims are dismissed.

Lastly, Plaintiffs failed to address nearly all of the deficiencies the City raised as to their claims for malicious prosecution, failure to intervene and intentional and negligent infliction of emotional distress. Claims that are not defended may be deemed abandoned, and therefore, these claims are dismissed on that ground. *See Estate of M.D. by DeCosmo v. New York*, No. 15 Civ.

6602, 2017 WL 971808, at *5 (S.D.N.Y. Mar. 10, 2017) ("Federal courts have the discretion to deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in their opposition papers defendants' arguments for dismissing such a claim.").

In the alternative, all of the claims on behalf of all Plaintiffs are dismissed on the merits for the reasons discussed below.

**B. Claims Against the City of New York**

Plaintiffs' claim for municipal liability under § 1983 fails as a matter of law. To state a claim under § 1983, the Complaint must identify a specific "policy," "custom" or "practice" of the City that caused the plaintiff's deprivation of rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694–95 (1978); *Mitchell v. City of New York*, 841 F.3d 72, 80 (2d Cir. 2016). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

"Where a city's official policy is constitutional," municipal liability may exist if "the unconstitutional application might itself be considered official policy." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004); *accord Molina v Cnty. of Westchester*, No. 16 Civ. 3421, 2017 WL 1609021, at *5 (S.D.N.Y. Apr. 28, 2017). However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61. "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Okin v Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 439 (2d Cir. 2009) (internal quotation marks omitted). There must be a clear causal

4

connection between the municipality's policy and the deprivation of constitutional rights -- *respondeat superior* is insufficient. *See Canton v. Harris*, 489 U.S. 378, 391–92 (1989).

The Complaint fails to plead facts sufficient to create a reasonable inference that the City engaged in a policy, custom or practice that deprived Plaintiffs of their constitutional rights. The Complaint alleges that (1) "[t]he city, through policies, practices and customs directly caused the constitutional violations suffered by Plaintiff"; (2) "[t]he City . . . has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution"; and (3) "[t]he City . . . has a de facto quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury." The Complaint further alleges that the City "was aware that these individual defendants . . . previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct."

First, as discussed below, none of the Plaintiffs have alleged an independent deprivation of their constitutional rights. Second, the Complaint's allegations are entirely conclusory and plead no facts from which to infer that the policy, practice or custom that they complain of exists. Although Plaintiffs need not prove their theory of municipal liability at the motion to dismiss stage, they must offer some support for the alleged policies in order to "nudge [their] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Because Plaintiffs have not offered any such support, the City's motion to dismiss Plaintiffs' *Monell* claim is granted.

C. **Claims Against Doe Defendants Under § 1983**

The Complaint alleges claims against Doe Defendants for false arrest, malicious prosecution, unreasonable force and failure to intervene. Because Plaintiffs' claims are

5

untimely, and Rule 15(c) does not apply, each of these claims is dismissed.

Section 1983 actions filed in New York are "subject to a three-year statute of limitations," which accrues when the "plaintiff knows or has reason to know of the injury" which is the basis of his action. *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (internal quotation marks and citation omitted). "Statutes of limitations are not simply technicalities. On the contrary, they [are] . . . fundamental to a well-ordered judicial system." *Bd. of Regents v. Tomanio*, 446 U.S. 478, 487 (1980).

Even if Plaintiffs' bare assertions were sufficient to state a claim under § 1983 -- they are not -- Plaintiffs' claims would still fail. The applicable statute of limitations requires them to have filed the false arrest, unreasonable force, and failure to intervene claims by May 10, 2016, three years after the date of Mercano's arrest. Although the factual basis for the malicious prosecution claim is unclear, it could not have accrued any later than November 8, 2013, when the charges against Mercano were dropped. Consequently, that claim was required to be filed by November 8, 2016. *See Lopez v. City of New York*, No. 15 Civ. 1650, 2017 WL 213243, at *2 (S.D.N.Y. Jan. 10, 2017) (excessive force claim accrues when the force is used); *Gomez v. City of New York*, No. 14 Civ. 5932, 2016 WL 5115499, at *2 (S.D.N.Y. Sept. 16, 2016) (malicious prosecution claim accrues after prosecution terminates in the plaintiff's favor). Although Plaintiffs filed this action on May 6, 2015, the Complaint alleged claims against Doe Defendants, and Plaintiffs failed to substitute them with actual people before the limitations period expired. Plaintiffs' claims therefore are untimely. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (quoting *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) ("'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.")).

Relation-back under Federal Rule of Civil Procedure 15(c) does not apply. Under the Rule, an amended pleading that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading if the claim asserted against that party arises out of the same "conduct, transaction, or occurrence" and if, within the time limit for service, the new party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

The last factor -- whether the Doe Defendants knew or should have known that the action would have been brought against them but for a mistake -- is not met because Plaintiffs apparently did not know the Doe Defendants' identities at the time that they brought this action. Under these circumstances, relation-back does not apply. *See Sewell v. Bernardin*, 795 F.3d 337, 342 (2d Cir. 2015) ("Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."). Likewise, "[a]lthough Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties . . . [,] the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Hogan*, 738 F.3d at 517–18 (internal quotation marks omitted and alterations in original).

Plaintiffs are wrong to suggest that the statute of limitations applicable to their § 1983 claims is a mere procedural technicality. *See Bd. of Regents*, 446 U.S. at 487; *Thomas v. Harris*, No. 10 Civ. 4025, 2016 WL 4702443, at *4 (S.D.N.Y. Sept. 6, 2016). They also have proffered no facts to support their claim that the individual officers they now seek to name received actual

notice of this action.  Because Plaintiffs' claims are untimely, and relation-back does not apply, these claims are dismissed.

### D. Claim Against Doe Defendants Under New York Law

The Complaint purports to allege state law claims against the Doe Defendants for malicious prosecution and intentional and negligent infliction of emotional distress.  With regard to emotional distress, the Complaint alleges only that Defendants' conduct was "intentional, reckless and outrageous."  Because the Complaint does not allege negligence, this claim is construed as one for intentional infliction of emotional distress ("IIED").

In any event, both Plaintiffs' malicious prosecution and IIED claims are time-barred. Under New York law, actions for intentional torts -- including malicious prosecution and IIED -- are subject to a one-year limitations period.  *See* N.Y. C.P.L.R. § 215(3) (one-year statute of limitations for "action[s] to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right to privacy"); *Raghavendra v. Brill*, 9 N.Y.S.3d 26, 28 (1st Dep't 2015) (holding that "the intentional tort claims are time-barred under the applicable one-year limitations period") (citing *Havell v. Islam*, 739 N.Y.S.2d 371, 372 (1st Dep't 2002)).  Malicious prosecution claims accrue on the date that the prosecution concludes in the plaintiff's favor.  *Bumbury v. City of New York*, 880 N.Y.S.2d 44, 45 (1st Dep't 2009).  IIED claims, based on harm allegedly stemming from an assault, accrue on the date of the alleged assault.  *See Mi-Kyung Cho v. Young Bin Café*, 42 F. Supp. 3d 495, 510–11 (S.D.N.Y. 2013) (applying New York Law, and holding that IIED claim arising from alleged assault accrued on the date of the alleged assault).

Here, because the alleged assault occurred on May 10, 2013, the one-year limitations period for the IIED claim expired on May 10, 2014.  Because the charges were dismissed on

November 8, 2013, the limitations period for the malicious prosecution claim expired on November 8, 2014. As Plaintiffs filed the Complaint almost a year after the expiration of these limitations periods, their claims for malicious prosecution and IIED under state law are time-barred. *See Tchatat v. City of New York*, No. 14 Civ. 2385, 2015 WL 5091197, at *14 (S.D.N.Y. Aug. 28, 2015) (dismissing an IIED claim as untimely because the plaintiff commenced the action more than two years after the expiration of the limitations period).

## IV. CONCLUSION

For the foregoing reasons, the City's motion is GRANTED, and the Complaint is dismissed in its entirety. The City's motion for oral argument is DENIED as moot. The Clerk of Court is directed to close the motions at Docket Nos. 28 and 33 and this case.

SO ORDERED.

Dated: May 12, 2017
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**